IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JANA M. JONES, | ) |
| | ) No. 21 C 1045 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Jana M. Jones appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

On September 3, 2015, plaintiff applied for benefits, alleging a disability onset date of May 1, 2013. (R. 170-71.) Her application was denied initially on March 16, 2016, upon reconsideration on August 24, 2016, and after a May 1, 2018 hearing on July 3, 2018. (R. 179, 237, 198-209.) Plaintiff appealed to the Appeals Council, which remanded the application to a different Administrative Law Judge ("ALJ") for further consideration of the evidence on October 25, 2019. (R. 216-20.) Upon remand, a different ALJ held a hearing on March 6, 2020 and denied plaintiff's claim on June 11, 2020. (R. 30-43.) Plaintiff appealed to the Appeals Council, which declined review (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner of Social Security reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by

"substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the May 1, 2013 alleged disability onset date. (R. 33.) At step two, the ALJ determined that the plaintiff had the severe impairments of bipolar disorder, major depressive disorder, unspecified anxiety disorder, and borderline personality disorder. (*Id.*) At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 33-35.) At step four, the ALJ found that plaintiff

had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: the plaintiff can understand simple instructions and concentrate on and carry out simple tasks that require only independent simple judgment. The ALJ also found that plaintiff is limited to occasional interaction with the public, supervisors, and co-workers. (R. 35-41.) Furthermore, the ALJ determined that the plaintiff is unable to perform any past relevant work. (R. 41.) At step five, the ALJ found that, given the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 41-42.)

Plaintiff raises three arguments in her memorandum in support of reversing or remanding commissioner's decision (ECF 18), in opposition to the ALJ's decision.[1] First, plaintiff argues, the ALJ "relied, in large part, upon an unsupported assessment of the 'paragraph B' criteria at Step Three to undermine Plaintiff's functional limitations in the RFC assessment." (ECF 18 at 8.) Second, plaintiff contends that "[t]he ALJ failed to properly support her [sic] assessment of medical opinion evidence." (ECF 18 at 12.) Third, the plaintiff argues, "[t]he ALJ's rejection of Plaintiff's subjective statement is unsupported by substantial evidence." (ECF 18 at 14.) As discussed herein, the Court agrees with plaintiff's first argument that the ALJ made unsubstantiated conclusory paragraph B findings without sufficient analysis or explanation and reverses the ALJ's decision.

The Court disagrees with the defendant that the ALJ reasonably assessed moderate limitations in each of the four functional areas, or paragraph B criteria: 1) understanding, remembering or applying information; 2) interacting with others; 3) concentrating, persisting or maintaining pace; and 4) adapting or managing oneself. (*See* ECF 24 at 11.) The ALJ failed to

---

[1] Plaintiff had the opportunity to file a reply brief by May 23, 2022 but chose not to file one.

explain his findings on the Paragraph B criteria in accordance with the special technique described in 20 C.F.R. § 404.1520a per the instruction of the Appeals Council in remanding the case.[2]

To determine whether an individual's mental impairments meet or equal listing severity at Step Three, the ALJ must determine whether plaintiff's mental disorder satisfies the requirements of "paragraph B" criteria assessed to evaluate how a claimant's mental disorder limits her functioning. C.F.R., Part 404, Subpart P, Appendix 1. "To satisfy the paragraph B criteria, [claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning. *Id.* Pursuant to a special technique, the ALJ must "rate the degree of [claimant's] functional limitation based on the extent to which [claimant's] impairment(s) interferes with [claimant's] ability to function independently, appropriately, effectively, and on a sustained basis…. [using] the following five-point scale: None, mild, moderate, marked, and extreme. The last point on the scale represents a degree of limitation that is incompatible with the ability to do any gainful activity." C.F.R. § 404.1520a.

The plaintiff argues that the ALJ improperly found only moderate limitations in the two areas of "interacting with others" and "concentrating, persisting or maintaining pace," and despite these functional limitations, the ALJ's determination that the plaintiff had the RFC to "understand simple instructions and concentrate on and carry out simple tasks that require only independent simple judgment…[and] occasional interaction with the public, supervisors, and co-workers" (R. 35.) did not adequately account for plaintiff's deficiencies in concentration, persistence, or pace. (*See* ECF 18 at 9-12.) The Court agrees with the plaintiff that the ALJ's findings on the functional limitations for these two paragraph B criteria are conclusory and lack sufficient explanation.

---

[2] In remanding the case, the Appeals Council instructed the ALJ to, among other items, "Further evaluate the claimant's mental impairment in accordance with the special technique described in 20 CFR 404.1520a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c)." (R. 218.)

Although the ALJ included separate paragraphs for his finding of the degree of function limitation for each of the four functional areas, or paragraph B criteria, the findings are not adequately supported with substantial evidence in the record and lack a logical bridge between evidence and the conclusion. The defendant attempts to explain, "while there may be other evidence that could support/disprove any of the ALJ's conclusions, in [his] Paragraph B analysis, this is merely a question of weighing the evidence." (ECF 24 at 13) (citing *Jessica K. v. Saul*, No. 19 C 4380, 2020 WL 4015330, at *7 (N.D. Ill. Jul. 16, 2020)). However, while it is not the role of the Court to reweigh the medical evidence, resolve conflicts, or draw conclusions on the Commissioner's behalf, *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019), that is not the issue here. The underlying premise of plaintiff's argument is not that she wants this Court to re-weigh the evidence, or weigh the evidence differently, but more fundamentally that we do not know what parts of the record the ALJ relied upon to reach his conclusions, and therefore, this Court cannot determine that the ALJ's conclusions are logically and reasonably supported by the evidence. We agree.

When making findings on the paragraph B criteria, an ALJ is required to build an accurate and logical bridge from the evidence to his conclusion. *See Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002). Courts have held that "[a] list of evidence punctuated with a conclusion does not discharge an ALJ's duty to form a logical bridge between the evidence and his conclusion that [the claimant] has no marked limitations." *Pimentel v. Astrue*, No. 11 CV 8240, 2013 WL 93173, at *9 (N.D. Ill. Jan. 8, 2013); *see also Welch v. Colvin*, No. 13 CV 103-JMS, 2014 WL 1413538, at *6 (S.D. Ind. Apr. 11, 2014) ("The special technique requires a detailed explanation of rankings...."); *Smith v. Astrue*, No. 09 CV 6210, 2011 WL 722539, at *12 (N.D. Ill. Feb. 22, 2011) (noting that "cataloguing" the evidence "is no substitute for analysis or explanation").

The ALJ provided a lackluster analysis and explanation for the moderate rankings of paragraph B criteria that plaintiff questions, and therefore, did not build the required logical bridge to his conclusions. Regarding "interacting with others" the ALJ stated:

> In interacting with others, the claimant has a moderate limitation. The claimant reported that she was irritable and she had problems working around people. The record shows that the claimant has some paranoia, reporting that her coworkers were trying to get her fired, and she frequently reported anger and irritability (Exhibit 6F, 7F, 9F, 14F). However, the claimant does not have legal problems associated with acting out towards others, and she reported that stopped [sic] going to work, not that she was fired for problems interacting with others. The treating source opinions and the medical expert's opinion indicated limitation in social interaction, supporting moderate limitations in this area of functioning.

(R. 34.) The ALJ used his own standard that the plaintiff does not have "legal problems associated with acting out towards others" and was not fired for problems interacting with others to counteract the actual evidence in the record that showed the plaintiff "has some paranoia, reporting that her coworkers were trying to get her fired, and she frequently reported anger and irritability." (*Id.*) The ALJ improperly grasped at nonexistent legal and employment history to overshadow evidence actually in the record indicative of plaintiff's impairment in interacting with others. Furthermore, the Court agrees with plaintiff that the ALJ made an "unexplained leap of logic" when he found, "[t]he treating source opinions and the medical expert's opinion indicated limitation in social interaction, supporting moderate limitations in this area of functioning." (*See* ECF 18 at 10.) The ALJ fails to cite to any evidence in the record to support this conclusion.

Regarding concentrating, persisting, or maintaining pace," the ALJ explained:

> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. The claimant reported problems with concentration (Exhibit 4F). The consultative mental status examiner noted deficits in ability to perform serial subtraction tasks, but the treatment record do [sic] not show deficits in sustaining attention and concentration (Exhibit 4F). However, the treatment notes showed impaired ability to make reasonable decisions (Exhibit 7F-12). All of the opinions in the record

>limit the claimant to simple work, supporting moderate limitations in this area of functioning.

(*Id.*). Similar to the ALJ's conclusory statements in "interacting with others," the ALJ states here, "[a]ll of the opinions in the record limit the claimant to simple work, supporting moderate limitations in this area of functioning." (*Id.*) Here again, the ALJ failed to cite to any evidence in the record in support of his position that "all of the opinions in the record limit the claimant to simple work." (*Id.*)

The ALJ failed to follow specific instructions by the Appeals Council to document appropriate rationale for the functional areas described in 20 C.F.R. § 404.1520a(c). (*See* R. 218.) The ALJ simply made conclusory paragraph B findings without sufficient citations to the record and analysis or explanation as to how or why he made them. Based on these findings, the ALJ concluded that the paragraph B criteria were not satisfied "[b]ecause the claimant's mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation." (R. 34.) This is an error requiring remand. *See Cleotilde D. v. Saul*, No. 18 C 7224, 2021 WL 428823, at *4 (N.D. Ill. Feb. 8, 2021); *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) ("We will uphold an ALJ's final decision if the correct legal standards were applied and supported with substantial evidence.") (citations omitted).

Even if plaintiff has only a moderate limitation in concentrating, persistence, or pace, as the ALJ found, plaintiff argues that the RFC does not adequately account for that limitation. Plaintiff contends that "the Seventh Circuit has firmly established that a limitation to simple or unskilled work is not necessarily a proper or adequate accommodation… [and] an ALJ may not rely upon catch-all terms like 'simple, repetitive tasks' in posing hypotheticals to vocational experts without explaining how such restrictions account for the individual's mental deficits. (*See* ECF 18 at 11 (citing *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019))). More recently, however, the Seventh Circuit has said the following with respect to moderate limitations in concentration,

7

persistence, and pace:

> A "moderate limitation" is defined by regulation to mean that functioning in that area is "fair." 20 C.F.R. Pt. 404, Subpt. P, App. 1. As the Commissioner points out, "fair" in ordinary usage does not mean "bad" or "inadequate." So a "moderate" limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace. Further, that assessment is consistent with both Dr. Jusino-Berrios's and Dr. Harris's findings that Pavlicek could carry out simply instructions and make simple decisions with no significant limitation.

*Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021). Because the ALJ's RFC comports with *Pavlicek*, assuming the ALJ had properly reached the correct functional limitation in concentrating, persistence, or pace, it is not a basis for remand. If, however, the ALJ mistakenly concluded that plaintiff has "moderate" limitation in this area when it should have been "marked" or "extreme" after more thorough evaluation of this paragraph B criteria supported by substantial evidence, then the ALJ's RFC would need to be reevaluated to adequately account for these limitations. "On remand, the ALJ will be required to properly assess [plaintiff's] claimed mental impairments using the special technique. Should that assessment lead to a different determination, the new determination should be considered when forming the new RFC in accordance with 20 C.F.R. § 404.1545." *Welch v. Colvin*, No. 13 CV 103-JMS, 2014 WL 1413538, at *6 n.4 (S.D. Ind. Apr. 11, 2014).

Because this Court found the ALJ made conclusory paragraph B findings without sufficient analysis or explanation, and this is an error requiring remand, the Court need not address plaintiff's other two arguments in detail.

## Conclusion

For the reasons set forth above, the Court reverses the ALJ's decision, denies the Commissioner's motion for summary judgment [23], and pursuant to the fourth sentence of 42

8

U.S.C. § 405(g), remands this case to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  **ENTERED: September 29, 2022**

*M. David Weisman*
_____
**M. David Weisman**
**United States Magistrate Judge**